## MATTER OF THORPE

## In Deportation Proceedings

### A-21164837

*Decided by Board May 24, 1977*

(1) Respondent's employer submitted an application for alien labor certification to the Pennsylvania State Employment Service. It appears the Labor Department advised the Service of respondent's apparent unlawful immigration status and deportation proceedings were instituted under section 241(a)(2) of the Immigration and Nationality Act. At hearing, respondent moved to suppress evidence from the labor certification application asserting rights under the Privacy Act, 5 U.S.C. 552a, and her employer moved to intervene in order to assert Privacy Act claims also. Both motions were properly denied.

(2) A deportation hearing is not the proper forum in which to assert privacy act claims. The Board has no jurisdiction over claims under the Privacy Act. See C.F.R. 3.1.

(3) Respondent has no standing to assert privacy act claims because she is not a citizen or lawful resident alien. See 5 U.S.C. 552a(a)(2).

(4) Whatever the Privacy Act rights of the employer may be, they have no bearing on respondent's deportability.

CHARGE:

Order Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Nonimmigrant visitor—remained longer.

ON BEHALF OF RESPONDENT: Richard D. Steel, Esquire
636 Public Ledger Building
Philadelphia, Pennsylvania 19106

BY: Milhollan, Chairman; Wilson, Maniatis, and Appleman, Board Members

In a decision dated July 22, 1976, the immigration judge found the respondent deportable under section 241(a)(2) of the Immigration and Nationality Act and granted her the privilege of voluntary departure. The respondent has appealed from that decision. The record will be remanded to the immigration judge for further proceedings.

According to the Order to Show Cause, the respondent is a native and citizen of Barbados who entered the United States at New York City on July 7, 1975, as a nonimmigrant visitor for pleasure. She was allegedly authorized to remain in this country until July 31, 1975, but remained beyond the period authorized. At her deportation hearing, the respondent, on the advice of counsel, refused to answer any questions.

The record indicates that in January 1976, the respondent's employer submitted to the Pennsylvania State Employment Service an application on behalf of the respondent for an alien labor service certification. Although it is not entirely clear from the record, it would appear that as a result of this application, the State Employment Service contacted the United States Department of Labor which in turn notified the Immigration and Naturalization Service of the respondent's apparently illegal immigration status. According to the immigration judge's decision, the respondent was then contacted by the Service whereupon she surrendered her Form I-94, Arrival-Departure Record. Counsel for the respondent, on the other hand, alleges that the respondent submitted her Form I-94 only under protest.

At her deportation hearing, the respondent claimed that the information contained in the application for certification was protected by the provisions of the Privacy Act, 5 U.S.C. §552a, and that the United States citizen employer's rights had been violated. Her motion to suppress the evidence based on these alleged violations was denied, as was the motion made by the respondent's employer to intervene in the proceedings in order to assert Privacy Act claims.

As pointed out by the immigration judge, the provisions of the Privacy Act of 1974 do not protect aliens who are illegally in the United States.[1] To circumvent this restriction, the respondent apparently attempted to get her employer to intervene to assert the Privacy Act claims. The immigration judge quite properly denied this motion. Whatever may be the rights of the United States citizen employer under the Privacy Act, a deportation proceeding is not the proper forum for asserting these rights.[2] The rights claimed are those of the employer and not of the respondent and, inasmuch as the Privacy Act is limited to the United States citizens and lawful permanent resident aliens, 5 U.S.C. §552a(a)(2), the respondent is clearly without standing to assert these claims. See generally C. A. Wright, *Law of Federal Courts* §13 (1970). The rights of the employer have no bearing on the respondent's deportability. The respondent's motion to suppress was properly denied by the immigration judge.

The respondent is a native of the Western Hemisphere and may have acquired rights by reason of the Immigration and Nationality Act Amendments of 1976, Public Law 94-571, 90 Stat. 2703, and the court's decision in *Silva* v. *Levi*, No. 76-C4268 (N.D. Ill. March 22, 1977). We

---

[1] In defining what individuals are to be protected by the Act, 5 U.S.C. §552a(a)(2) defines the term "individual" as "a citizen of the United States or an alien lawfully admitted for permanent residence."

[2] Clearly, the Board is without jurisdiction to determine the Privacy Act claims of United States citizens. 8 C.F.R. 3.1.

have determined that a remand of the record to the immigration judge for further proceedings in light of these developments is appropriate.

Should the respondent be found to be ineligible for relief, or should a decision on an application for relief be adverse, an appropriate order shall be entered and the record shall be certified to this Board for review.

**ORDER:** The case is remanded to the immigration judge for further proceedings consistent with the foregoing opinion.